IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN L. BROWN,

    Plaintiff,                    No. CIV S-11-1935 KJM DAD P

    vs.

TOM FELKER et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff Brown, a state prisoner proceeding pro se, has filed a complaint on behalf of himself and fellow inmate Maurice Jackson seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff Brown has also filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.[1] This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

/////

---

[1] The court previously issued findings and recommendations, recommending dismissal of this action due to plaintiff Brown's failure to file a motion to proceed in forma pauperis. While the findings and recommendations were pending, plaintiff filed a motion for an extension of time to file his motion to proceed in forma pauperis as well as a motion for an extension of time to file his consent form. Before the court had an opportunity to rule on plaintiff's motions, he filed both his motion to proceed in forma pauperis as well as his consent form. Under these circumstances, the court will vacate its previously-issued findings and recommendations, grant plaintiff's motions for an extension of time and allow the case to proceed in accordance with this order.

1

**PLAINTIFF BROWN'S IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SEVERANCE**

The Federal Rules of Civil Procedure provide that parties may be dropped or added by order of the court on the court's own initiative at any stage of the action and on such terms as are just; any claim against a party may be severed and proceeded with separately. Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals. Accordingly, the court finds that each plaintiff should proceed separately on his own claims.

Plaintiff Brown will proceed in this action and will be granted thirty days to file an amended complaint using the form provided by the court with this order. Plaintiff Jackson, if

he so desires, may commence a new individual action by filing a complaint as required by Rule 3 of the Federal Rules of Civil Procedure and either paying the required filing fee or filing an application requesting leave to proceed in forma pauperis.[2]  Any new action brought should not bear the case number assigned to this action.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff Brian Brown shall proceed as the sole plaintiff in this case.  Plaintiff Maurice Jackson, if he so desires, may commence a new individual action by filing a complaint as required by Rule 3 of the Federal Rules of Civil Procedure and either paying the required filing fee or filing an application requesting leave to proceed in forma pauperis.  Any new action brought should not bear the case number assigned to this action.

2. Plaintiff's application to proceed in forma pauperis (Doc. No. 10) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

/////

---

[2] The court also notes that plaintiff Brown, a non-lawyer, cannot represent plaintiff Jackson.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (pro se plaintiffs cannot represent anyone but themselves in their lawsuits); McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966).

6. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

7. The court's findings and recommendations (Doc. No. 6) are vacated.

8. Plaintiff's motions for an extension of time (Doc. Nos. 7 & 8) are granted.

DATED: March 15, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brow1935.2