1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                      SACRAMENTO DIVISION

11   BRIAN BROWN

12            Plaintiff,              No. CIV S-11-1935 KJM DAD P

13       vs.

14   TOM FELKER, et al.

15            Defendant.             FINDINGS AND RECOMMENDATIONS

16   _____/

17            Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed a civil

18   rights action seeking relief under 42 U.S.C. § 1983.  On April 11, 2012, plaintiff filed his

19   amended complaint.  (Doc. No. 14.)  On April 25, 2012 the court screened the amended

20   complaint, found that it stated a cognizable Eighth Amendment claim for failure to protect and

21   authorized service solely upon defendant Ingwerson.  (Doc. No. 15.)[1]  This matter is now before

22   the court on defendant Ingwerson's motion to dismiss due to plaintiff's failure to exhaust his

23   /////

24

25            [1]  The court found that the amended complaint failed to state a cognizable claim against
     named defendants Dangler, Jackson and Felker and service was not authorized with respect to
26   those individuals.  (Doc. No. 15 at 2-3.)

                                          1

1  administrative remedies prior to filing suit.  Plaintiff has filed an opposition to the motion and

2  defendant has filed a reply.

3  **BACKGROUND**

4  In his amended complaint plaintiff alleges as follows.  On July 28, 2007, he was

5  told to report to defendant Ingwerson[2] in front of the prison program office.  (Am. Compl. at 3.)

6  There, defendant Ingwerson informed plaintiff that his assistance was needed to help with

7  consolidating prisoner bed moves.  Defendant Ingwerson ordered plaintiff to stay on the yard

8  while Ingwerson went into the program office.  Plaintiff informed defendant Ingwerson that it

9  was not his assigned yard time, but remained on the yard.  As defendant Ingwerson was walking

10  into the program office he stopped and asked plaintiff if he was aware that a disturbance may

11  arise, to which plaintiff answered that he was not.  (Id.)  Minutes later a group of Hispanic

12  inmates attacked plaintiff and several other African American inmates.  (Id. at 4.)  Plaintiff

13  received two stab wounds to the chest during this attack.  Plaintiff claims that defendant

14  Ingwerson was deliberately indifferent to his safety in violation of plaintiff's Eighth Amendment

15  rights and failed to protect him by standing aside as the attack on plaintiff took place.  (Id.)

16  **DEFENDANT'S MOTION**

17  I. Defendant Sergeant Ingwerson's Motion

18  Counsel on behalf of defendant Ingwerson has moved to dismiss this action

19  arguing that plaintiff failed to exhaust his administrative remedies prior to bringing suit as

20  required.  Specifically, defense counsel contends that plaintiff did not exhaust his administrative

21  remedies because he failed to obtain a decision at the third-level of administrative review on the

22  claim he asserts in this civil action.  Defense counsel argues that the Office of Appeals, which

23  /////

24

25  [2] At all relevant times defendant Ingwerson was employed by the California Department
of Corrections and Rehabilitation (CDCR), working as a correctional Sergeant at High Desert
26  State Prison in Susanville, CA.

1  receives and maintains inmate appeals at the third level of review, has not accepted and denied a

2  grievance from plaintiff regarding this claim.  (Def.'s Mot. to Dismiss at 2-3; Doc. No. 21.)

3  II.  Plaintiff's Opposition

4          In opposition to the pending motion to dismiss plaintiff implicitly concedes that

5  he did not pursue an inmate appeal with respect to the incident in question through the third level

6  of administrative review prior to filing suit.  Rather, plaintiff essentially argues that the appeals

7  coordinator improperly screened out his inmate appeals, thereby blocking him from pursuing his

8  administrative remedies.  Plaintiff contends that in responding to his inmate appeals the appeals

9  coordinator did not provide sufficiently detailed instructions as to how plaintiff should correct

10  any deficiency in the appeal forms.  Plaintiff also suggests that prison officials' refusal to respond

11  to a citizen's complaint filed by his mother prevented him from exhausting administrative

12  remedies.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 2-6 ; Doc. No. 25.)

13  III.  Defendant's Reply

14          Defense counsel asserts that the appeals coordinator properly screened out and

15  rejected plaintiff's inmate appeals because they were not timely filed and that plaintiff has failed

16  to show that he did not have the opportunity to file an inmate appeal within the prescribed time.

17  Defense counsel also argues that plaintiff has failed to provide any evidence that the appeals

18  coordinator screened out his inmate appeal for any improper reason.  Finally, defense counsel

19  points out that any reliance by plaintiff on regulations currently governing the inmate appeals

20  process is misplaced because those procedures did not apply in 2007, the year the incident and

21  the inmate appeal submissions in question took place.  (Def.'s Reply to Opp'n to Mot. to Dismiss

22  at 2-6; Doc. No. 26.)

23                                          **ANALYSIS**

24  I.  Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

25          By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42

26  U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

1   under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

2   prison, or other correctional facility until such administrative remedies as are available are

3   exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about

4   prison life, whether they involve general circumstances or particular episodes, and whether they

5   allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

6          The United States Supreme Court has ruled that exhaustion of prison

7   administrative procedures is mandated regardless of the relief offered through such procedures.

8   Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against

9   reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6.

10  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA

11  exhaustion requirement by filing an untimely or otherwise procedurally defective administrative

12  grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). The Supreme Court has also

13  held that "to properly exhaust administrative remedies prisoners 'must complete the

14  administrative review process in accordance with the applicable procedural rules,' [] - rules that

15  are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549

16  U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568

17  F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the

18  boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

19         A California prisoner is required to submit an inmate appeal at the appropriate

20  level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d

21  1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). In 2007, when

22  the events in question occurred, California's Department of Corrections provided a four-step

23  grievance process for prisoners who sought review of an administrative decision or perceived

24  mistreatment. See Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009). That process

25  provided that within fifteen working days of "the event or decision being appealed," the inmate

26  must ordinarily have filed an "informal" appeal, through which "the appellant and staff involved

4

in the action or decision attempt to resolve the grievance informally." Cal. Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c) (2007). The informal level response must have been completed within ten working days. Id. § 3084.6(b)(1). However, this informal level of review was waived for appeals of alleged misconduct by a departmental peace officer. Id. §§ 3084.5(a)(3)(G), 3084.1(e). If the inmate was required to file an informal appeal and was not satisfied with the resolution of his grievance, he then had fifteen working days to proceed to the first formal level of review, normally conducted by an appeals coordinator. Id. §§ 3084.5(b), 3084.6(c). Following the first formal level of review were the second level of review, providing review by the institution's head, and the third level of review in which review was conducted by a designee of the Director of the Department of Corrections. The result at the third level of review constituted the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3).[3]

    The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense. See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. The defendant's burden of establishing an inmate's failure to exhaust administrative remedies, however, has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The defendant need only show the existence of a grievance procedure the plaintiff did not use. Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996) and Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005)).

---

[3] Under the California regulations applicable here an inmate appeal could be rejected if the "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." Cal. Code Regs., tit. 15, § 3084.3(c)(6) (2007). An inmate appeal could also be rejected if it duplicates the appellant's previous appeal, concerned an anticipated action or decision, or was incomplete or necessary supporting documents were not attached thereto. Id. §§ 3084.3(c)(2), (3), (5).

1          In order to be excused from exhausting administrative remedies as required, a

2  plaintiff must establish that the existing administrative remedies were effectively unavailable to

3  him.  Albino, 697 F.3d at 1031.  In this regard, the Ninth Circuit has held that inmates may be

4  excused from complying with the PLRA's exhaustion requirement where improper screening of

5  inmates' grievances renders administrative remedies effectively unavailable, causing a failure to

6  exhaust.  Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  In such a case, "the inmate cannot

7  pursue the necessary sequence of appeals, and administrative remedies are therefore plainly

8  unavailable."  Id.  See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (holding that

9  inmate's failure to exhaust his administrative remedies was excused because he took reasonable

10 steps to present his claim to prison officials and was precluded from exhausting his administrative

11 remedies, not through his own fault but due to the prison warden's mistake in referring him to an

12 inapplicable Program Statement).

13         If  the district court concludes that the prisoner has not exhausted administrative

14 remedies with respect to a claim presented in a civil action and is not excused from doing so, "the

15 proper remedy is dismissal of the claim without prejudice."  Wyatt, 315 F.3d at 1120.  See also

16 Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).  On the other hand, "if a complaint contains

17 both good and bad claims, the court proceeds with the good and leaves the bad."  Jones, 549 U.S.

18 at 221.

19 II.  Discussion

20         In moving to dismiss, counsel for defendant Ingwerson argues that plaintiff failed

21 to exhaust his administrative remedies because he did not properly file his inmate appeal with

22 respect to the incident in question.  In his first inmate appeal submitted on September 23, 2007,

23 plaintiff alleged staff misconduct during the July 28, 2007 incident in the prison yard.  (Pl.'s

24 /////

25 /////

26 /////

1   Opp'n, Ex. 1 at 1-2.)[4]  However, under the applicable regulations plaintiff had only fifteen

2   working days, until August 17, 2007, to file his initial grievance with respect to the July 28, 2007

3   incident.  See Cal. Code Regs., tit. 15, §§ 3084.5(a)(3)(G), 3084.6(c) (2007).  Defendant has

4   established that plaintiff's first inmate appeal was rejected as untimely and was never submitted to

5   the highest level of review as required.  (Def.'s Mot. to Dismiss at 2-3.)  Because defendant

6   Ingwerson has carried his burden of raising and proving the absence of exhaustion, plaintiff must

7   establish that the existing administrative remedies were effectively unavailable to him.  Albino,

8   697 F.3d at 1031.

9          The time limit for submitting an inmate appeal provided under the governing

10  California regulations may be exceeded if there was no opportunity for the appellant to file the

11  appeal within the time constraints provided.  Cal. Code Regs., tit. 15, §§ 3084.6(c) and

12  3084.3(c)(6).  Here, plaintiff has not done so.[5]  Indeed, plaintiff does not even argue that he lacked

13  the opportunity to file a timely inmate appeal.  Rather, he contends only that the improper

14  screening out of his grievances excuse his failure to properly exhaust.  In this regard, plaintiff

15  contends that the appeals coordinator blocked his attempts to exhaust his administrative remedies

16  and failed to provide him with proper instructions on the screening forms.

17         It is correct that in 2007 the governing regulations provided that upon screening or

18  rejecting an inmate appeal, the appeals coordinator was to explain in writing why the appeal was

19  being rejected.  Cal. Code Regs., tit. 15, § 3084.3(d) (2007).  An inmate appeal could properly be

20  rejected if, among other reasons, it was untimely, duplicated a previous appeal, concerned an

21

22      [4]  Plaintiff's initial inmate appeal was accompanied by a Rights and Responsibility
     Statement as required by § 3084.1(e) of the applicable regulations and because it alleged staff
23   misconduct, the informal appeal level was waived.

24      [5]  Plaintiff's first level inmate appeal stated that he was escorted back to his cell "hours"
     after the incident in question occurred and that he was treated for his wounds, suggesting that the
25   nature of his injuries, while serious, did not act to prevent him from filing his inmate appeal in a
     timely fashion.  (Pl.'s Opp'n, Ex. 1 at 4.)  Plaintiff has submitted no evidence or argument to the
26   contrary.

1   anticipated action or decision, or was incomplete or necessary supporting documents were not

2   attached.  Id. §§ 3084.3(c)(1)-(8).

3          As noted above, plaintiff filed his first level inmate appeal on September 23, 2007.

4   (Pl.'s Opp'n, Ex. 1 at 2-4.)  The appeals coordinator screened that appeal three days later on

5   September 26, 2007, well within the minimal time period of ten working days provided for the

6   review of such an appeal.  (Id.); Cal. Code Regs., tit. 15, § 3084.6(b) (2007).  The appeals

7   coordinator rejected that inmate appeal because it was filed beyond the fifteen working day time

8   limit, concerned an anticipated action or decision in pending prison disciplinary proceedings[6], and

9   the appeal did not include the necessary documentation.  (Pl.'s Opp'n, Ex. 3 at 1.)

10         Plaintiff filed a second inmate grievance on September 30, 2007.  (Pl.'s Opp'n, Ex.

11   1 at 5.)  The appeals coordinator screened out this grievance on October 2, 2007, again well

12   within the time period provided for review.  (Id.); Cal. Code Regs., tit. 15, § 3084.6(b) (2007).  In

13   his second grievance plaintiff did not address the disciplinary action pending against him but

14   rather merely stated that he wanted his first inmate appeal processed as a staff complaint.  (Pl.'s

15   Opp'n, Ex. 1 at 5.)  This second grievance was screened out once because plaintiff's prison

16   disciplinary hearing was still pending and due to his failure to attach required documentation and

17   a second time because the grievance was duplicative of plaintiff's first inmate appeal which had

18   already been rejected as untimely.  (Pl.'s Opp'n, Ex. 3 at 2,3.)

19         Upon this review of the screening forms issued in response to plaintiff's inmate

20   grievances, the court concludes that the appeals coordinator explained why those inmate appeals

21   were deemed unacceptable and rejected in a manner which complied with the governing

22   California regulations.  Thus, this court cannot say that either of plaintiff's inmate appeals were

23

24         [6]  The first level inmate appeal was properly screened out as untimely pursuant to the
     governing regulations.  Nonetheless, the appeals coordinator was seemingly concerned that there
25   was a disciplinary hearing pending regarding the July 28, 2007 incident.  The appeals coordinator
     also noted that plaintiff's appeal was not being accepted as a staff complaint.  (Pl.'s Opp'n, Ex. 3
26   at 1.)

improperly screened in a manner that rendered administrative remedies effectively unavailable to him.  Plaintiff's initial grievance regarding the incident in question was submitted almost a full month after the time for doing so under the governing regulations had expired.  See Woodford, 548 U.S. at 83-84 (A prisoner does not satisfy the PLRA exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal"); see also Griffin v. CDCR, No. CV 11-3458 DOC (JCG), 2012 WL 3689669, at *2 (C.D. Cal. July 26, 2012) ("At the time of the alleged assault, California inmates were required to submit inmate appeals within fifteen working days of the event or decision being appealed. . . .  As such, Plaintiff's severely untimely appeal did not satisfy his obligation to properly exhaust his claim."); Porter v. Howard, No. 10cv1817 JLS (PCL), 2012 WL 2837278, at *8 (S.D. Cal. Feb 27, 2012) (recommending dismissal because plaintiff's sole inmate grievance regarding the incident in question was filed long after the fifteen days from the offending event provided by the regulations and his correspondence filed with other state and federal agencies did not satisfy that requirement); Jones v. Washington, No. C 09-3003 CW, 2011 WL 4434859, at *4 (N.D. Cal. Sept. 23, 2011) (Where plaintiff's inmate appeal did not reach the appeals coordinator within the fifteen day period and plaintiff failed to explain why the appeal was timely, the court found that his inmate appeal was properly screened out, no exception to the exhaustion requirement applied and his civil action was dismissed).

Here, in light of plaintiff's untimely initial grievance, nothing that the appeals coordinator did after rejecting the first submission as untimely is relevant to the resolution of the pending motion.

Finally, plaintiff argues that the prison officials' failure to respond to a citizen's complaint filed by his mother somehow prevented him from exhausting administrative remedies.

/////

/////

/////

1  (Pl.'s Opp'n at 5-6.)  However, it is inmates, not their families, who have the right to file inmate

2  appeals.  Cal. Code Regs., tit. 15, § 3084(a) (2007).[7]

3                                              **CONCLUSION**

4            For the reasons set forth above, the court finds that defendant has met his burden of

5  demonstrating that plaintiff failed to exhaust his administrative remedies prior to filing suit as

6  required by 42 U.S.C. § 1997e(a).  Plaintiff has failed to respond by showing that he exhausted all

7  of the administrative remedies that were in fact made available to him. Therefore, IT IS HEREBY

8  RECOMMENDED that defendant's motion to dismiss pursuant to unenumerated Rule 12(b)

9  (Doc. No. 21) be GRANTED and that this action be dismissed without prejudice.

10           These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

12  one days after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15  shall be served and filed within seven days after service of the objections.  The parties are advised

16  that failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: January 9, 2013.

19

20                                      _Dale A. Drozd_

21                                      DALE A. DROZD
                                        UNITED STATES MAGISTRATE JUDGE

22  DAD: 13
    brow1935.MotDissF&R

23

24  _____

25       [7]  In any event, the court notes that the citizen's complaint regarding the July 28, 2007
    incident filed by plaintiff's mother was not submitted until December 3, 2007.  (See Pl.'s Opp'n,
26  Ex. 3.)